## JOHN MULLINS v. COMMONWEALTH.

**Witnesses—Impeachment.**

A witness cannot be impeached by testimony of other witnesses as to specific crimes or offenses supposed to have been committed by him.

**Homicide—Instructions—Reversal.**

On appeal from a conviction for manslaughter the case will not be reversed for error in instructions as to murder, when it could not have prejudiced the accused.

APPEAL FROM ADAIR CIRCUIT COURT.

June 21, 1873.

OPINION BY JUDGE LINDSAY:

The credibility of the witness Hill could not be impeached by asking other witnesses as to specific crimes or offenses supposed to have been committed by him. Besides this it does not appear from the bill of exceptions what the witnesses interrogated on this subject would have stated had they been permitted to answer. Appellant was convicted of manslaughter. It is not necessary therefore that the instructions relating to the crime of murder shall be critically examined. It is complained that the terms "murder," "malice," and "aforethought" are not correctly defined.

There is certainly nothing in the instructions given calculated to induce the jury in finding the accused guilty of manslaughter to fix his punishment at a longer time in the state prison than they would have done had he been tried under an indictment for the latter offense.

This court has reversed convictions for manslaughter, when the defendant was tried under an indictment for *murder* and the court, in instructing as to the law of murder, erred in such manner as to mislead the jury as to the cruelty or heinousness of the offense actually committed. If it be conceded that the court erred in this case as to the law of murder, a question we do not decide, these errors were not calculated to mislead the jury as to the wickedness or cruelty of the offense committed and were not prejudicial to the accused.

Instruction No. 9, given for appellant, correctly states the law of

manslaughter.    Appellant can not complain of the refusal of the court to give Instruction No. 8.    He was not convicted of murder and the doctrine therein stated was substantially embodied in Instructions Nos. 7 and 8, given for the commonwealth.

Perceiving no available error in the action of the circuit court, the judgment must be *affirmed.*

*Garnett, for appellant.*

—————, *for appellee.*